Ruffin, Judge.
 

 The argument for the Plaintiff is entirely satisfactory. The act of 1786
 
 (Rev. c.
 
 248J gave an action on the case to the indorsee of a bond.— The utmost latitude which can be allowed to the clause, of limitation in that act, is that it goes to the action therein specified. If it be construed literally, it is incongruous, because the acr of limitation did not before operate
 
 upon notes,
 
 but only on actions brought on notes j and therefore it would not operate on actions brought on assigned bonds. But we should endeavor to execute the statute in its spirit; and hold'that the action
 
 ofassump-sit
 
 on an endorsed bond must be brought within three years.
 

 But when the act of 1789
 
 (Rev. c 314,)
 
 gave the in-dorsee the action of
 
 debt,
 
 it gave him a reno dy to which there was no period of limitation. And, at a!! events, when the obligee again becomes owner of the bond, there is nothing in any of the statutes to obstruct his recovery. The act of 1786 itself only operates on actions on the bond in the htyids of the assignee, and cannot be extended by construction, to bar the original rights of the ob-ligee.
 

 Per Curiam. — Let the judgment below be affirmed.